**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MARCUS SMITH,** | |
| **Plaintiff,** | **Case No.   19-cv-7750** |
| **vs.** | **JURY TRIAL REQUESTED** |
| **OFFICER PUSZKIEWICZ, Star No. 9913, OFFICER LOPEZ, Star No. 11943, and the CITY OF CHICAGO,** | |
| **Defendants.** | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARCUS SMITH, by and through his attorney, Baumann & Shuldiner, and pursuant to this Complaint at Law, state the following against the above named Defendants, and each of them, to wit, OFFICER PUSZKIEWICZ, Star No. 9913, OFFICER LOPEZ, Star No. 11943, and the CITY OF CHICAGO.

## JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

## PARTIES

2.   PLAINTIFF is a resident of the City of Chicago, State of Illinois and of the United States;  all relevant acts occurred in the Northern District of Illinois.

3.   The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the Defendant, CITY OF CHICAGO, a duly incorporated municipal corporation.

4.   At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.   On or about November 23, 2017, Thanksgiving Day, at or about 12:40 p.m., Plaintiff was lawfully exiting a CTA Station located at or about 5106 S. Pulaski Road in Chicago. Plaintiff was meeting his mother for the Thanksgiving Holiday and at or about this date and time, Plaintiff's mother was outside the station waiting to pick up Plaintiff.

6.   As Plaintiff was exiting the train station, Defendant PUSZKIEWICZ, who was parked in front of the CTA Station with his partner Defendant LOPEZ, exited his police vehicle and without any probable cause or reasonable suspicion to believe that Plaintiff would be committing, was committing, or had committed a crime, pulled his firearm and pointed it directly at Plaintiff's chest while yelling to Plaintiff that he should keep up his hands.  This was all done in front of Plaintiff's mother.

7.   PLAINTIFF had not threatened the DEFENDANT OFFICERS or anyone else, was not a threat to the DEFENDANT OFFICERS or to anyone else, and DEFENDANTS had no reasonable justification for the stop, detention, or use of deadly force.  This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution.

8.   The show of force initiated by DEFENDANT PUSZKIEWICZ, and the failure to intervene in the use of said force by DEFENDANT LOPEZ caused an unreasonable search and seizure of the PLAINTIFF and constituted an unreasonable use of force.

9.   As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

2

10. On or about November 23, 2017, during all relevant times, the DEFENDANT OFFICERS were on duty and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of on said date, in the course and scope of employment and while on duty.

11. The DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.  agreeing to stop and detain PLAINTIFF without any lawful justification;

    b.  using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c.  agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d.  agreeing not to report each other after falsely stopping and detaining the PLAINTIFF;

    e.  generating false documentation and/or destroying evidence, including body camera footage, to cover-up for their own and each other's misconduct;

12. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about November 23, 2017, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to suffer severe emotional distress injury.

### COUNT I
### Excessive Force Claim Pursuant to 42 U.S.C. § 1983
### and the Fourth and Fourteenth Amendments to the U.S. Constitution

13. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

14. The actions of DEFENDANT PUSZKIEWICZ in pulling his firearm on PLAINTIFF and the failure to intervene in said actions by DEFENDANT LOPEZ amounted to an excessive use of force onto the PLAINTIFF.

15. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution.

16. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

17. Because the DEFENDANT OFFICERS were acting, during all relevant times, within the course and scope of their employment, the DEFENDANT CITY OF CHICAGO is *respondeat superior* liable for the acts and/or omissions of the DEENDANT officers.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS, and each of them, as well as from the DEFENDANT CITY OF CHICAGO. PLAINTIFF also demands punitive damages, costs and attorneys' fees against each of the DEFENDANTS, and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution

18. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

19. The DEFENDANT OFFICERS stopped and detained the PLAINTIFF without any probable cause or reasonable suspicion to believe that the PLAINTIFF had engaged in criminal activity.

20. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

22. Because the DEFENDANT OFFICERS were acting, during all relevant times, within the course and scope of their employment, the DEFENDANT CITY OF CHICAGO is *respondeat superior* liable for the acts and/or omissions of the DEFENDANT OFFICERS.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS, and each of them, as well as from the DEFENDANT CITY OF CHICAGO. PLAINTIFF also demands punitive damages, costs and attorneys' fees against each of the DEFENDANTS, and whatever additional relief this Court deems equitable and just.

### COUNT III
### § 1983 Conspiracy Claim

23. PLAINTIFF re-alleges paragraphs 1 – 12 as though fully set forth herein.

24. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia,* the Fourth Amendment and Fourteenth Amendment.

25. Because the DEFENDANT OFFICERS were acting, during all relevant times, within the course and scope of their employment, the DEFENDANT CITY OF CHICAGO is *respondeat superior* liable for the acts and/or omissions of the DEFENDANT OFFICERS.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS, and each of them, as well as from the DEFENDANT CITY OF CHICAGO. PLAINTIFF also demands punitive damages, costs and attorneys' fees against each of the DEFENDANTS, and whatever additional relief this Court deems equitable and just.

### JURY DEMAND

26. PLAINTIFF demands trial by jury.

Respectfully submitted,
MARCUS SMITH


/s/ Deidre Baumann
_____
Attorney for the Plaintiff


Baumann & Shuldiner
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 558-3119
baumannesq@gmail.com